# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CATALINA LONDON, LIMITED f/k/a ALEA LONDON, LIMITED<br>　　Plaintiff | §<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. _____ |
| CASTLE PLUMBING, INC. and TEXAS FARMERS INSURANCE COMPANY, AS SUBROGEE OF FATAI OBASUYI<br>　　Defendants | §<br>§<br>§<br>§<br>§ | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Catalina London, Limited., f/k/a Alea London Limited ("Catalina") and brings this Complaint for Declaratory Judgment against Castle Plumbing, Inc. ("Castle") and Texas Farmers Insurance Company, as Subrogee of Fatai Obasuyi, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for purposes of determining a question of actual controversy between the parties. Specifically, Catalina seeks a declaration from this Court that it owes no duty to defend or indemnify Castle under its 2003 and 2004 commercial general liability policies for the claims asserted against Castle in the Underlying Lawsuit. Catalina would show the Court as follows:

## PRELIMINARY STATEMENT

This is an action for declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, to determine the parties' respective rights and obligations, if any, with respect to Policy Nos. ALE14548 ("2003 policy") and ALE17729 ("2004 policy") issued by Catalina to Castle (collectively, the "policies"). An actual controversy exists regarding whether coverage is afforded under the terms, conditions, provisions,

limitations, and exclusions of the policies for the claims and alleged damages asserted in the Underlying Lawsuit, defined below in Paragraph 7.

## PARTIES

1. Catalina is a foreign corporation incorporated under the laws of England and Wales. Catalina offers insurance services and its primary business address is 18 Mansell Street, London, England. Effective October 29, 2009, Alea London, Limited formally changed its name to Catalina London, Limited.

2. Castle is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Grand Prairie, Texas. Castle may be served with process through its registered agent for service of process, Epifanio S. Castillo at 1537 Avenue E, Grand Prairie, TX 75051.

3. Texas Farmers Insurance Company, as Subrogee of Fatai Obasuyi, is an insurance company organized under the law of the state of Texas and having its principal place of business in Austin, Texas.

4. Even though Underlying Plaintiffs are not a party to the Policies, Underlying Plaintiffs will not be bound by a judgment rendered as to the Policy's scope of coverage unless they are parties to this lawsuit. *Dairyland County Mut. Ins. v. Childress*, 650 S.W.2d 770 (Tex. 1983).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

6       Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because Defendant's principal place of business is in this District and because the events made the basis of the underlying action occurred in this District.

## GENERAL ALLEGATIONS

7.       Castle is a defendant in the 191st Judicial District Court, Dallas County, Texas in the case styled *Texas Farmers Ins. Co. as Subrogee of Fatai Obasuyi v. Castle Plumbing and Timoteo Silva Contractors, Inc.,* Cause No. DC-13-13401 (the "Underlying Lawsuit"). A copy of the First Amended Petition in the Underlying Lawsuit is attached hereto as Exhibit "A."

8.       Castle was named a defendant in the Underlying Lawsuit.

9.       Texas Farmers Insurance Company, as subrogee of its insured, Fatai Obasuyi ("Underlying Plaintiff"), filed the Underlying Lawsuit against Castle and the purported general contractor, Timoteo Silva Contractors, Inc. for negligence and related negligent misrepresentation related to the installation of a hot water heater in 2004 and/or early 2005, which is claimed to have resulted in a fire in 2011. Ex. "A."

10.      The Underlying Plaintiff claims that in 2004 and/or early 2005, Castle "installed the wrong type of flue pipe and failed to follow the manufacturer's installation instructions." Ex. "A" at ¶10. Specifically, it is alleged that:

> The flue pipe was installed without the necessary and proper clearance between the pipe and flammable or combustible materials. Additionally, the flue pipe was installed without the necessary and required spacer between the pipe and flammable or combustible materials. In this case, the flue pipe was installed too close to neighboring cellulose insulation and 2x6 timbers.

Ex. "A" at ¶10.

11. The Underlying Plaintiff claims that "repeated and continuous property damage occurred from the time of installation … until the time of the fire on November 28, 2011." Ex. "A" at ¶11.

12. The Underlying Plaintiff seeks actual damages, "additional damages," pre-judgment and post-judgment interest, attorneys' fees, costs of court and "such other and further relief to which Plaintiff may show itself to be justly entitled." Ex. "A" at p. 6.

13. Castle tendered the Underlying Lawsuit to Catalina. On June 20, 2014 and again on September 4, 2015, Catalina agreed to defend Castle in the Underlying Lawsuit, while reserving its rights to deny coverage to Castle for the underlying claim.

## CATALINA'S POLICIES

14. Castle had two consecutive primary, commercial general liability policies with Catalina: (1) Policy No. ALE14548 to Castle effective January 10, 2003 to January 10, 2004, with a $1,000,000.00 limit of liability with a $2,000,000.00 Annual Aggregate limit of liability; and (2) Policy No. ALE17729 to Castle effective January 10, 2004 to January 10, 2005, with a $1,000,000.00 limit of liability with a $2,000,000.00 Annual Aggregate limit of liability. A copy of the 2003 policy is attached hereto as Exhibit "B," and a copy of the 2004 policy is attached hereto as Exhibit "C."

15. The policies provide commercial general liability coverage to Castle subject to certain terms, conditions, limitations, definitions, and exclusions, and provides that Catalina will pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies … only if … the 'bodily injury' or 'property damage' is caused by an 'occurrence'…" and "the 'bodily injury' or 'property damage' occurs during the policy period."

16. The policies define "property damage" as "physical injury to tangible property, including all resulting loss of use of that property … or … loss of use of tangible property that is not physically injured."

17. The policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

18. Paragraph (5) of the Damage to Property Exclusion precludes coverage for damage to "that particular part of real property" on which the insured or its subcontractors "are performing operations."

19. Paragraph (6) of the Damage to Property Exclusion precludes coverage for damage to "that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." In addition, Paragraph (6) states that it does not apply to property damage "included in the 'products-completed operations hazard.'"

20. The definition of "products-completed operations hazard" states in Paragraph a. that it includes property damage arising out of the insured's work, except "work that has not yet been completed or abandoned…."

21. The Damage to Your Work Exclusion precludes coverage for property damage to "'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

22. "Your work" is defined as "work or operations performed by you or on your behalf; and … materials, parts or equipment furnished in connection with such work or operations."

## COUNT ONE—DECLARATORY RELIEF

23. The allegations of Paragraphs 1-22 are incorporated by reference herein.

5

24. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Catalina seeks a judicial declaration relative to an actual, present and existing controversy between it and Castle as to whether Catalina has any defense and/or indemnity obligations under the policies for the claims in the Underlying Lawsuit.

25. Catalina seeks a judicial declaration that it has no duty to defend or indemnify Castle under the policies in connection with the claims of the Underlying Plaintiff in the Underlying Lawsuit.

26. The exposure of cellulose insulation and 2x6 timbers surrounding a water heater to excessively high temperatures does not constitute an "occurrence" under the policies, and Catalina therefore owes no duty to defend or to pay a judgment or settlement in the Underlying Lawsuit for fire damage occurring on November 28, 2011.

27. The exposure of cellulose insulation and 2x6 timbers surrounding a water heater to excessively high temperatures does not constitute "property damage" under the policies, and Catalina therefore owes no duty to defend or to pay a judgment or settlement in the Underlying Lawsuit for fire damage occurring on November 28, 2011.

28. The property damage resulting from fire on November 28, 2011 did not occur during the terms of either of the policies, and Catalina therefore owes no duty to defend or pay a judgment or settlement in the Underlying Lawsuit for fire damage occurring on November 28, 2011.

29. In addition, or in the alternative, no coverage is afforded under the policies for property damage to "'[Castle's] work' arising out of it or any part of it" or for "that particular part of any property that must be restored, repaired or replaced because '[Castles] work' was incorrectly performed on it."

30. In addition to the foregoing provisions, Catalina pleads all other conditions, terms, warranties, limits, definitions and exclusions of the policies that may also be found to be applicable as Catalina's investigation of this matter continues and reserves the right to amend its Complaint for Declaratory Relief as additional and/or more specific information becomes available.

31. For the reasons set forth above, and pursuant to the provisions of 28 USC § 2201, *et. seq.*, Catalina respectfully requests that this Court declare the rights, status and legal relations of the parties in connection with the facts set forth above, the Underlying Lawsuit, the Catalina policies, and established law.  Specifically, Catalina asks this Court for a declaration whether insurance coverage exists for this claim under Catalina's policies.

32. A declaratory judgment action in appropriate in this matter because it will serve a useful purpose in clarifying and settling the legal relations at issue between the parties and will terminate and afford relief from the uncertainty, and controversy giving rise to this proceeding.

33. Catalina reserves its right to recover its reasonable fees and expenses in prosecuting this Declaratory Judgment action.

**JURY DEMAND**

Catalina hereby requests a trial by jury and tenders the jury fee contemporaneously herewith.

**PRAYER**

**WHEREFORE,** Catalina respectfully requests that this Court enter a judgment declaring the rights, status and obligations of the parties under the policies issued to Castle, including, but not limited to, the following: (a) that Catalina does not owe Castle a defense in connection with the Underlying Lawsuit; (2) that Catalina is not obligated to indemnify any party in connection

7

with the claims that are the subject of the Underlying Lawsuit under the policies; and (b) that this Court provide such further relief as equity and the justice of this cause may require and permit.

                Respectfully submitted,

**PHELPS DUNBAR LLP**

                */s/ Paige C. Jones*_____
                Paige C. Jones
                Texas Bar No. 24054609
                jonesp@phelps.com
                115 Grand Avenue, Suite 222
                Southlake, Texas 76092
                Telephone: (817) 488-3134
                Telecopier: (817) 488-3214

                **ATTORNEYS FOR PLAINTIFF**